IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-63,535-01 & -02






EX PARTE JODI LEA STODDER, Applicant








ON APPLICATIONS FOR WRIT OF HABEAS CORPUS FROM


CAUSE NOS. 54291 & 54325 IN THE 252ND DISTRICT COURT


OF JEFFERSON COUNTY






 Per curiam.



O R D E R



 These are post-conviction applications for a writ of habeas corpus filed pursuant to
tex. Code crim. Proc. art. 11.07. Applicant was convicted of possession of more than
28 grams of cocaine and Ecstacy. Punishment was assessed at imprisonment for fifteen
years after her community supervision was revoked. No direct appeal was taken.

 Applicant contends that she is actually innocent and that her counsel was
ineffective because he suffered from a conflict of interest. The trial court has entered an
order concluding that Applicant "has not stated sworn facts which, if true, would justify
granting the relief sought." However, we disagree. 

 Therefore, additional facts need to be developed, and the trial court is the
appropriate forum because this Court cannot hear evidence. The trial court may resolve
the factual issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may
order affidavits, depositions, or interrogatories, or it may order a hearing. Any hearing is
not limited to the above factual issues if the court determines that other factual issues
material to the legality of Applicant's confinement should be resolved. In the appropriate
case the trial court may also rely on its personal recollection.

 Following receipt of additional information, the trial court shall make findings of
fact as to what evidence the State possessed to show Applicant possessed the drugs found
in her mother's home, what counsel or his associates explained to Applicant concerning
the possible conflict of interest arising from joint representation of co-defendants, what
actual conflict of interest existed, and whether Applicant knowingly waived any conflict
of interest. The trial court should also make any further findings of fact and conclusions
of law it deems relevant and appropriate to the disposition of the application for writ of
habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 169 Tex.Cr.R.
367, 334 S.W.2d 294 (Tex.Crim.App. 1960), this application for a post-conviction writ of
habeas corpus will be held in abeyance pending the trial court's compliance with this
order. The trial court shall resolve the issues presented within 90 days of the date of this
order. (1) A supplemental transcript containing all affidavits and interrogatories or the
transcription of the court reporter's notes from any hearing or deposition, along with the
trial court's supplemental findings of fact and conclusions of law, shall be returned to this
Court within 120 days of the date of this order. (2)

 IT IS SO ORDERED on this the First day of February, 2006.


DO NOT PUBLISH.
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.